José González Clemente & Co., Plaintiffs and Appellants,
    v. López et al., Defendants and Appellees.

Appeal from the District Court of Mayagüez in an Action
for Damages.

No. 2933.—Decided March 21, 1924.

Damages—Attachment—Pleading.—When an action of debt is dismissed the
    attachment granted therein is dissolved and an action brought by the de-
    fendant to recover from the plaintiff and his sureties the damages caused
    by the attachment should be sustained, it being no defense that the plaintiff
    may have acted in good faith, or that the action may have been dismissed
    because the plaintiff brought it in his name instead of as the agent of the
    real creditor, or that the damages caused by the sale of the attached perishable
    property would have been avoided if the plaintiff had paid his debt to the
    real creditor.

The facts are stated in the opinion.

Messrs. Benet & Souffront for the appellants.

Messrs. J. Sabater and S. Suau for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

J. Ochoa y Hnos., a mercantile firm, brought a suit
against another firm, José González Clemente, to recover
the sum of $2,300. The suit was begun in the District Court
of San Juan and subsequently transferred to the judicial
district of Mayagüez. There the complainant firm ob-
tained an attachment before judgment (embargo preventivo
o preliminar) and as a condition precedent to its issuance
gave bond in the sum of $3,200. The sureties on this bond
were José López Pereira and Maximino Pérez.

The condition of the bond was that the obligors should
make good to the defendant the damage that it might suffer
by reason of the undue suing out of the attachment.

Under the proceedings in attachment the marshal seized
50 barrels of pork. At the instance of the then complainant
these 50 barrels of pork were sold at public auction and
brought $1,230, which sum was deposited in court.

To the complaint in that action a demurrer was filed and
sustained. The complaint was held to be unamendable and

the opinion and judgment of the court below was sustained on appeal.  *Ochoa* v. *González*, 29 P. R. R. 948.

Then the defendant in the former action became the complainant in the present one and sued the firm J. Ochoa y Hnos. and its sureties, José López Pereira and Maximino Pérez, for the difference in the market value of the 50 barrels of pork when sold and the price at which the said barrels were sold.  With interest this difference as claimed was $1,070. The present complainant firm received the $1,230 deposited in court.

We think it is almost too clear for argument that when a suit is dismissed any attachment issued in that case has been illegally and hence wrongfully issued.  When a suit is dismissed the attachment falls and the property of the defendant should be returned to him.  He is entitled to recover for all loss or detriment to or diminution in value of the property while he was deprived of the use thereof.

The sole inquiry then is the amount of the damages, because the dismissal fixes the right of the parties.  It is *res adjudicata* and if unappealed any other judge or court is bound under the law to respect it.  In this particular case not only was the action dismissed, but this court affirmed the action on appeal.  The theory of the decision was necessarily that A., under obligation to B., cannot be made to answer a claim of C.  That C. is the agent of B. makes no difference if C. sets up a right of action in himself and not in his principal.

There was in the previous litigation an attempt by the agent to substitute the name of the principal, but at no time did the principal attempt to make the action his own, so as to become responsible to the defendant for the undue suing out of the complaint and hence of the attachment.

Under these circumstances it is not permissible for the said agent or its sureties to set up that the former defendant owed someone else, even if that someone else happens

to be principal and supposed owner of the obligation or claim that the said agent attempted to set up. So far as the former defendant is concerned his claim for damages is the same as in case of a suit and attachment of a total stranger. The former defendant owed not one cent to the agent who brought the suit. This is conceded on all sides. We have absolutely no sympathy with the attempt of the court below to judge of the events of the claim of the principal against the said former defendant, because that claim was not duly before the court. The said alleged principal was not before the court.

Under these circumstances it makes no difference whether J. Ochoa y Hnos., the said agents, acted in good faith or bad faith. When a man illegally takes the property of another he is responsible for the actual damages, whether he acted in good or bad faith.

There should be perhaps no punitive damages. As long ago pointed out by Chief Justice Marshall, it is not so much what has actually been done in a particular suit or under a particular alleged authority as what may be thereunder done. If the agents could justify in this case, they could in any other. In each case then the collateral issue would arise as to whether the debt was owing, not to the person who brought suit, but to someone else, an alleged principal.

Nor can it make any difference, as found and concluded by the court below, that the goods attached were fungible and susceptible of rapid decay. If a man unduly seizes my goods, he cannot justify the loss to me by saying that the goods were perishable and hence he offered them at public auction to the best buyer at the moment. In such case I am entitled to show my real loss.

The complainant alleged in his complaint a loss of $1,070 and also introduced evidence to show the same. The answer of the defendants said that the complainant suffered no loss and that if any loss ensued it was due to the failure of said complainant to pay for the said 50 barrels of pork.

To a large extent this defense involves the same erroneous notion that actuated all the proceedings begun in this series of litigation, namely, that complainants here owed money to someone else. The uncontradicted evidence tended to show that at the time the complainants were deprived of the possession of the goods the latter were worth the amount claimed.

The judgment must be reversed and another entered for the complainants in the sum of $1,070, with the interest from the 29th day of July, 1921, and with costs, but not counsel's fees.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.